(101 So. 91)

**BATTLES v. STATE. (7 Div. 43.)**

(Court of Appeals of Alabama. June 30, 1924.)

**1. Intoxicating liquors ⬅238(1)—Affirmative charge for defendant properly refused.**

In a liquor prosecution affirmative charge for defendant was properly refused, where evidence, if believed by jury beyond a reasonable doubt, authorized a conviction under indictment.

**2. Criminal law ⬅768(1)—Charge that jury were not to worry about defendant's punishment in case of conviction held not erroneous.**

In a liquor prosecution, court's oral charge that jury were not to worry themselves about the punishment in case of conviction and stressing their duty at arriving at the truth was not erroneous.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Quitman Battles was convicted of violating the prohibition law, and appeals. Affirmed.

Defendant excepted to these portions of the court's oral charge:

"You are not to worry yourselves a minute about what the punishment is in case of conviction."

"I have no fear at all if when you reach what you believe the truth to be that you will write a verdict and let it be anchored in that truth, and you will not stop to consider whether it entails punishment on the defendant or not, because that is not your duty."

James A. Embry, of Ashville, for appellant. No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

FOSTER, J. Indictment for manufacturing or distilling prohibited liquors or beverages.

[1] There was evidence which, if believed by the jury beyond a reasonable doubt, authorized a conviction under the indictment, and hence the affirmative charge was properly refused to the defendant.

[2] The other charges, besides possessing other vices, were argumentative, and properly refused. In the charges given for defendant the defendant had the law of the case stated for him fully and fairly. Considering the court's oral charge as a whole, we find nothing in it of which defendant can complain. If the court went a little further in stressing the duty of the jurors to arrive at the truth, and anchor their verdict in that truth, regardless of the consequences to the state or the defendant, and regardless of the punishment that the law inflicts in the event of a conviction in such cases, that was not necessary, yet the court said nothing that was unauthorized by law.

The record has been carefully examined, and no error appears.

Affirmed.